UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOMINUQUE TROUTMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:16-cv-01281-WTL-DML |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Dominuque Troutman for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-01-0174. For the reasons explained in this Entry, Mr. Troutman's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 14, 2016, Officer Feldkamp wrote a Conduct Report charging Mr. Troutman with assault and battery in violation of Code B-212. The Conduct Report states:

> On November 24, 2015, at approximately 6:22 PM an incident took place in Central Unit cell N-10. Officer reported approaching that cell because of multiple offenders entering the room. Once the staff arrived at cell N-10 they discovered an offender that was assigned to that cell with injuries consistent with being assaulted. Offender Dominique Troutman #161981 was identified using facility video as one the offenders in the cell at the time that this offender was assaulted in N-10. See report of investigation.

Dkt. 9-1 at 1.

The Report of Investigation referenced in the Conduct Report states:

> On December 12, 2015 I Investigator C. Feldkamp was assigned to investigate a situation that originated on November 24, 2015 at approximately 6:22 PM in Housing Unit Central cell N-10. During that incident an offender who was assigned to cell N-10L was assaulted while he was on his bunk in his cell. Prior to the incident as observed on facility video offender Dominique Troutman #161981, Michael Earls #148396, Kenneth Doss #219666 and Robert Peterson #249596 were observed entering the cell. None of those offenders were assigned to that cell. Th[is] drew the attention of offender[s] in HUC that were not in cell N-10 and a crowd began to gather. Staff on site noticed the group of offenders and approached cell N-10. As the offenders began to disperse from the area staff discovered the offender in cell N-10 had been assaulted and called for assistance. Offenders Troutman, Earls, Doss and Peterson were clearly observed and identified as the offenders that were present in cell N-10 during the time of the assault. During interviews concerning this incident none of these offenders would admit to assaulting this offender but do not deny being present during the assault. Confidential video, audio and case file are being maintained in the Investigations office and are available for review.

Dkt. 9-2 at 1.

Mr. Troutman was notified of the charge on January 24, 2016, when he received the Screening Report. He plead not guilty to the charge, requested a lay advocate, requested as witnesses inmates Michael Earls and Kenneth Doss, and requested to view the report of

investigation. Both Mr. Earls and Mr. Doss provided witness statements, and a summary of the video evidence was also provided.

A hearing was held on February 2, 2016. The hearing officer changed the charge from assault and battery to aiding/abetting/conspiring to commit assault and battery. Mr. Troutman stated that he was not guilty; he was trying to diffuse the situation between Mr. Earls and Mr. Barnett and was unable to intervene before Mr. Earls assaulted Mr. Barnett. After reviewing Mr. Troutman's statement, the staff reports, the witness statements, the video review, the report of investigation, and the other confidential materials, the hearing officer found Mr. Troutman guilty. The hearing officer recommended and approved sanctions including a thirty-day earned-credit-time deprivation and a credit class demotion.

Mr. Troutman appealed to Facility Head and then the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    **C.**     **Analysis**

Mr. Troutman raises the following four claims in his habeas petition: (1) he was denied the opportunity to review the confidential material on which the hearing officer relied, and he was given no explanation for how that material posed a threat to institutional safety such that it should be withheld; (2) the evidence was insufficient to support his conviction; (3) he was denied an impartial decisionmaker; and (4) he was denied his request for a correctional officer to serve as a witness. The respondent argues that the first claim is procedurally barred and the other claims lack merit. Mr. Troutman did not file a reply brief. The Court will address each claim in turn.

       *1.*     *Confidential Report*

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The respondent contends that Mr. Troutman's claim regarding the confidential report is procedurally defaulted. In his administrative appeals, Mr. Troutman raised only one argument regarding the confidential report—namely, that the hearing officer failed to demonstrate how disclosure of the report posed a threat to institutional safety or security. *See* Dkt. 9-10 at 6. This is essentially the claim Mr. Troutman raises here, as he contends that he was not permitted to view the confidential materials and the hearing officer did not explain how doing so would threaten institutional safety or security. Accordingly, this claim is not procedurally defaulted.

Even though the claim is not procedurally defaulted, it has no merit. "[P]rocedural due process required prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of

guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

The Court agrees with the respondent that it need not reach the question of whether disclosure of the confidential report threatened institutional safety concerns because due process only entitles Mr. Troutman to material exculpatory evidence, and the confidential report shows that it did not contain such evidence. The only even potential exculpatory evidence in the confidential report is Mr. Troutman's own statement to the investigator that he was trying to stop the victim from being assaulted, rather than participating in the assault. But it does not violate *Brady*'s rule regarding exculpatory evidence to withhold evidence of one's own statement to investigators. *See Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029 (7th Cir. 2006) (holding that the failure to disclosure to the defendant what was said during an interrogation did not violate *Brady* because the defendant "knew herself what occurred during the interrogation"); *Grauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003) (holding that *Brady* does not require disclosure of the defendant's own statements during an interrogation because he "knew what he had said at the interrogation"), *overruled on other grounds by Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006). Mr. Troutman knew he told investigators that he was in the cell attempting to stop the assault, thus *Brady* was not violated by the withholding of this evidence.

This conclusion is reinforced by the justification for extending *Brady* to the prison disciplinary context in the first place. The purpose of applying *Brady* to this context was to "insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Jones*, 637 F.3d at 847 (citation and quotation marks omitted). Mr. Troutman testified at the disciplinary hearing that he was not guilty because he was attempting to diffuse the situation. Moreover, the hearing officer considered the

confidential report, which reflected that Mr. Troutman had previously told the investigator the same thing. The purpose of applying *Brady* to prison disciplinary proceedings was thus met, as the hearing officer considered all of the evidence and Mr. Troutman was able to defend himself based on his own version of the events.

Accordingly, Mr. Troutman is not entitled to habeas relief on this basis.

### 2. *Sufficiency of the Evidence*

The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Troutman argues that the evidence was insufficient because fellow inmate Mr. Earls immediately accepted sole responsibility for the assault and fellow inmate Mr. Doss stated that Mr. Troutman was only in the room to diffuse the situation, both of which are consistent with Mr. Troutman's statement at the hearing that he was trying to prevent the assault.

Due process "requires only that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. Although the hearing officer could have deemed Mr. Troutman and his fellow inmates' statements credible, he was under no obligation to do so and could have instead found Mr. Troutman guilty if there was "some evidence" that he was guilty of conspiring to commit assault and battery, which there is. The evidence presented shows that Mr. Troutman was one of multiple inmates who entered the cell at the time the assault occurred; indeed, Mr. Troutman acknowledges he was in the cell during the assault.

The Supreme Court in *Hill* held in similar circumstances that such evidence is sufficient. In *Hill*, the hearing officer was provided evidence that correctional officers discovered an inmate who had just been assaulted, and an officer "saw three other inmates fleeing together down an enclosed walkway[, while] [n]o other inmates were in the area." 472 U.S. at 456. The Supreme Court rejected the argument that this evidence "did not support an inference that more than one person had struck the victim or that either of the respondents was the assailant or otherwise participated in the assault," reasoning that due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. Noting that the evidence was "meager," and recognizing that "there was no direct evidence identifying any one of three inmates as the assailant," the Supreme Court still concluded that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* The same is true here. The hearing officer was within his rights to reject Mr. Troutman's testimony and that of his fellow inmates and, based on the evidence that Mr. Troutman was one of four individuals at the scene of the assault, conclude that he was guilty of conspiring to commit assault or battery. Such a decision is not without support in the record or arbitrary.

Accordingly, there is "some evidence" supporting the hearing officer's decision, and Mr. Troutman is not entitled to habeas relief on this claim.

### 3. Impartial Decisionmaker

Mr. Troutman's third claim is that he was denied an impartial decisionmaker. The hearing officer was not impartial, says Mr. Troutman, because Mr. Troutman presented significant evidence that he was not guilty but the hearing officer found him guilty anyway.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in

order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666.

Mr. Troutman has not overcome the presumption of impartiality. His argument is essentially that his hearing officer was biased because he ignored what Mr. Troutman believes is substantial evidence that he is not guilty. But that does not demonstrate that the hearing officer was partial. As discussed above, there was "some evidence" that Mr. Troutman was guilty of the charged offense. Simply because the hearing officer did not credit Mr. Troutman's evidence to the contrary does not lead to the conclusion that he must have been biased.

Accordingly, Mr. Troutman has failed to overcome the presumption of impartiality. *See Piggie*, 342 F.3d at 666. He is therefore not entitled to habeas relief based on this claim.

    4. *Denial of a Witness*

Mr. Troutman's final claim is that he was denied a witness that he requested. Specifically, he contends that he was denied the ability to call the Dorm Officer to testify on his behalf. The respondent contends that there is no evidence that Mr. Troutman ever requested the Dorm Officer as a witness, and thus it cannot violate due process to deny a request that was never made.

As previously noted, a prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. As the respondent points out, however, there is no evidence that Mr. Troutman requested to have the Dorm Officer

testify on his behalf.  The Screening Report reveals that Mr. Troutman requested two fellow inmates as witnesses, but he did not request any other witnesses, including the Dorm Officer.  It does not violate due process to deny an inmate a witness he never requested.  *See Sweeney v. Parke*, 113 F.3d 716, 719 (7th Cir. 1999), *overruled on other grounds by White v. Indiana Parole Bd.*, 266 F.3d 759 (7th Cir. 2001) ("The [hearing officer] could not have improperly denied a request [for evidence] that was never made.").  Accordingly, Mr. Troutman is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Troutman to the relief he seeks. Accordingly, Mr. Troutman's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/1/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DOMINUQUE  TROUTMAN
161981
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronically Registered Counsel